## 58529, 58530. LAKE LANIER ISLANDS DEVELOPMENT AUTHORITY v. VILLAGE HARBOR, INC.; and vice versa.

BANKE, Judge.

This is an action by Lake Lanier Islands Development Authority to terminate a lease and to recover possession of certain real property occupied by the defendant, Village Harbor, Inc., pursuant to that lease. The authority also seeks to recover lost profits and attorney fees. This appeal is from an order granting summary judgment to the defendant and denying summary judgment to the plaintiff, based on the plaintiff's failure to comply with certain lease provisions requiring that the defendant be sent written notice of any intention to enforce the default provisions of the lease. The defendant cross appeals, enumerating as error the trial court's denial of its earlier motion to dismiss for improper venue. *Held:*

1. The complaint was filed in Hall County, where the land is located, and the defendant was served by second original in Fulton County, where it maintains its registered office and agent. The plaintiff concedes in its brief as appellee on the cross appeal that the defendant does not maintain an office in Hall County so as to be subject to suit there pursuant to Code Ann. § 22-404 (c). It urges, however, that this is an action in ejectment and therefore that venue is in the county where the land is located pursuant to Art. VI, Sec. XIV, Par. II of the Georgia Constitution of 1976 (Code Ann. § 2-4302). That constitutional provision provides as follows: "Cases respecting titles to land shall be tried in the county where the land lies . . ." Consistent with this contention, the plaintiff directed the main appeal to the Supreme Court, which has exclusive appellate jurisdiction "in all cases

respecting title to land . . ." Ga. Const., Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104). However, the Supreme Court transferred the case to this court, thereby ruling by unavoidable implication that, whether or not this may properly be characterized as an action in ejectment, it is not an action "respecting title to land." In other words, the controlling issue in the case is not who has title to the land, but whether the lease is enforceable and, if so, whether it has been terminated by the defendant's default. Thus, we are forced to conclude that there was no basis for finding venue in Hall County and that the trial court erred in denying the motion to dismiss for lack of venue.

2. In view of the above ruling, the trial court erred in reaching the merits of the case and in granting summary judgment to the defendant. The judgment of the trial court is accordingly reversed with direction that the action be dismissed for lack of venue.

*Judgment reversed with direction. McMurray, P. J., concurs. Underwood, J., concurs specially.*

ARGUED SEPTEMBER 26, 1979 — DECIDED OCTOBER 26, 1979 — REHEARING DENIED DECEMBER 5, 1979.

*Barry B. McGough, J. Douglas Stewart, James M. Saunders, Tom Watson Brown,* for appellant.
*Richard C. Freeman, III, James A. Dunlap, Wright Willingham, Perry D. Fletcher,* for appellee.

UNDERWOOD, Judge, concurring specially.

In the absence of clear authority supporting what I consider to be a better rule, I reluctantly concur in the judgment. In my view, determinations by the Supreme Court as to its appellate jurisdiction, when made without further comment, should be regarded as binding only upon that question and should not, by implication, be translated into a substantive decision on an issue in the appeal.